UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IGNACIO ZAMORA MARTINEZ, | ) | CASE NO. C05-2022-RSL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ATTORNEY GENERAL and ICE, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On December 6, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, challenging the reinstatement of a 1993 deportation order entered in absentia. (Dkt. #1). Respondents argue that this Court lacks jurisdiction to hear the petition because petitioner's challenge to the reinstatement order must be brought as a Petition for Review in the appropriate court of appeals, and cannot be raised in the district court. (Dkt. #13).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED and respondents' motion to dismiss (Dkt. #13) be GRANTED.

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Ignacio Zamora Martinez is a native and citizen of Mexico. (Dkt. #11 at R37, R16a). On or about January 1, 1992, he entered the United States without inspection near San Ysidro, California. (Dkt. #11 at R23). On July 19, 1993, petitioner was apprehended by the former Immigration and Naturalization Service ("INS") while working illegally aboard the M/V Ocean Pride seafood processing vessel. (Dkt. #11 at R19-21, R26). At the time of his arrest, petitioner had a counterfeit Alien Registration Card and a counterfeit Social Security card in his possession. Petitioner admitted that he had purchased and used the documents to work in the United States. *Id.*

On July 19, 1993, petitioner was served with an Order to Show Cause, placing him in deportation proceedings, and alleging that he is subject to deportation for entering the United States without inspection. (Dkt. #11 at R17, L7-11). After failing to attend his hearing before an Immigration Judge ("IJ") on November 18, 1993, he was ordered deported to Mexico in absentia on the charge of deportability set forth in the order to show cause. (Dkt. #11 at L12-13). On September 7, 1994, the INS issued a Warrant of Deportation along with an Advice of Rights Form, which warned of the consequences of illegal reentry into the United States. (Dkt. #11 at L16-18). In addition, the INS issued a "Bag and Baggage Letter," notifying petitioner to report to the United States Immigration Office in Seattle, Washington for deportation to Mexico on September 26, 1994. (Dkt. #11 at L14). Petitioner did not claim these documents. (Dkt. #11 at R33-34).

Eleven years later, on November 30, 2005, the U.S. Immigration and Customs Enforcement ("ICE") arrested petitioner at his home in Tacoma, Washington, and reinstated the

REPORT AND RECOMMENDATION
PAGE -2

1993 deportation order. (Dkt. #11 at R36-7). Petitioner states that he voluntarily left the United States in 1993 after the deportation order was entered and reentered the United States in June 1994. *Id.*; (Dkt. #1 at 3).

On December 6, 2005, petitioner filed the instant habeas petition, contesting the reinstatement of his 1993 deportation order. (Dkt. #1). On January 23, 2006, respondents filed a response to petitioner's habeas petition and motion to dismiss. (Dkt. #13). Petitioner did not file a reply.

### III.  DISCUSSION

In his habeas petition, petitioner challenges the administrative reinstatement of a 1993 deportation order entered in absentia. Petitioner alleges that he voluntarily departed the United States to Mexico in 1993, after he was arrested by immigration officials, and illegally reentered the United States in June 1994. Petitioner contends that because he voluntarily departed the United States and reentered in June 1994, he is not subject to reinstatement. (Dkt. #1). Respondents argue in their motion to dismiss that this Court lacks jurisdiction to hear the habeas petition. (Dkt. #13).

Judicial review of a removal order is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252). This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals. 8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means

for judicial review of an order of removal entered or issued under any provision of this chapter"). This provision makes clear that this Court does not have jurisdiction to entertain petitioner's challenge to his removal order. Accordingly, claims by petitioner in which he challenges the reinstatement of his 1993 deportation order – a final order of removal – may not be considered in this habeas corpus action.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this  23rd  day of  March , 2005.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4